(No. 4094—

ORA WESTERFIELD, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 19, 1949.*

COSTIGAN, WOLLRAB & YODER, Attorneys for Claimant.

HON. GEORGE F. BARRETT, Attorney General, and C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

SCHUMAN, C. J.

The claimant, Ora Westerfield, of the town of Mc-Lean, Illinois, on August 12, A. D. 1947, was injured at the Illinois State Fair grounds at Springfield, Illinois, while attending the Illinois State Fair, by being knocked down and squeezed by a tractor operated by an employee of the Illinois State Fair. This injury occurred while the claimant was in a ticket booth purchasing a ticket for the races being held by the Illinois State Fair.

An ambulance was called and claimant was taken to first aid quarters; that thereafter an ambulance operated by Bisch & Son of Springfield, Illinois, was called and claimant was taken to St. John's Hospital where X-rays were taken. That while in the St. John's Hospital claimant was attended by William E. Farney, a physician and surgeon of Springfield, Illinois. That thereafter claimant was driven to his home in McLean.

There is no testimony in the record as to whether or not the acts of Chas. Bacon, an employee of the State of Illinois in the operation of the tractor was negligent. However, the evidence conclusively shows that the tractor was under the control and management of the respondent, and the accident is such that in the ordinary course of things would not have happened if the employee exercised proper care and that the doctrine of res ipsa locuiter arises in this case. There was no explanation in the record of how the accident happened nor was there any evidence of any negligence on behalf of the claimant.

There being no rebuttal to the prima facie case made by the claimant the facts are sufficient to support an award in favor of the claimant.

The evidence shows that the claimant sustained the following list of expenses as a result of the injury he received:

| | |
|---|---:|
| Bisch & Son ambulance | $ 5.00 |
| St. John's Hospital | 12.00 |
| St. Joseph's Hospital | 33.18 |
| Dr. William E. Farney | 5.00 |
| St. Joseph's Hospital | 98.25 |
| Brokaw Hospital | 10.00 |
| Dr. Gordon Schultz | 212.00 |
| Special shoes | 4.50 |
| Dr. Smith | 45.00 |
| | $424.93 |

making a total of $424.93.

The evidence further showed that the claimant was engaged in the trucking business and before his injury operated a truck. In accordance with the medical testimony as testified to by Dr. Gordon Schultz, the claimant sustained injury to his feet and also a lung condition and that all of said injuries have not disabled the claimant in any way.

The testimony showed without dispute, that the average earnings of the claimant ran the same after the accident as before. The only testimony in the record is that the claimant had to pay out the sum of $50.00 for a truck driver.

The evidence is incomplete with reference to the continued necessity for an additional truck driver after October of 1947. The evidence showed that the claimant operated a school bus and received compensation for the same to the amount of $75.00 a month, starting around the fore part of October 1947. There is no evidence of any loss of earnings on the part of the claimant. How-

ever, there is some evidence that he was incapacitated from doing any kind of work from the date of the injury on August 12, 1947 to the first part of October 1947. Any further evidence of incapacitation is inconclusive. There was evidence that he suffered some pain as a result of these injuries.

Claimant is entitled to an award in the amount of $1500.00 to cover all medical expenses and injuries sustained, including loss of earnings, pain and suffering and all other damages.

An award is therefore entered in favor of the claimant in the sum of $1500.00.